**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **ANDRE FLORES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 3:07 CV 303** |
| **v.** | ) | |
| | ) | |
| **STATE OF INDIANA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

Andre Flores, a *pro se* prisoner, filed this habeas corpus petition alleging several

grounds for challenging his criminal conviction in the Wabash Circuit Court. Flores

does not specify the date of his conviction, nor the State court cause number of his

criminal case. Neither does he identify the name of his attorney at arraignment, trial, or

sentencing, even though he lists the name of his attorney at his preliminary hearing. He

indicates that he has not appealed this conviction, yet he lists the Wabash Circuit Court

as the court to which he has appealed. He states that on May 11, 2007, he traveled with

an informant to South Bend where he consumed cocaine.

Based on these confusing answers and the recentness of the criminal activity, it

appears likely that Flores has not yet been convicted. It appears that he is currently

challenging the legality of his arrest in the State criminal court. Certainly he has not yet

presented his claims to the Indiana Supreme Court.

Inherent in the habeas petitioner's obligation to exhaust his state
court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. §
2254(b)(1)(A), is the duty to fairly present his federal claims to the state
courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S.

838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid.*

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

Before this court can address his claims, Flores must exhaust his state court remedies and have afforded the Indiana Supreme Court the opportunity to address them. Though there is a great deal of confusion in the procedural posture of this case, it is clear that Flores has not yet done this. Therefore this petition must be dismissed without prejudice.

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the **DISMISSES** this petition **WITHOUT PREJUDICE** because the claim has not been exhausted in state court.

**SO ORDERED.**

**ENTER:** July 11, 2007

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT